2009 ND 144

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joe R. BLURTON, Defendant and Appellant.**

No. 20090009.

Supreme Court of North Dakota.

July 21, 2009.

Rehearing Denied Aug. 18, 2009.

Reid Alan Brady (argued) and Cherie L. Clark (on brief), Assistant State's Attorneys, Fargo, N.D., for plaintiff and appellee.

Joe R. Blurton, Jamestown, N.D., pro se, defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Joe Blurton appeals from a judgment of conviction entered on a plea of guilty to the crime of gross sexual imposition.  We affirm, concluding Blurton knowingly and voluntarily pled guilty.

I

[¶ 2]   In September 2007, Blurton was charged with gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(a) and (3)(a), aggravated assault in violation of N.D.C.C. § 12.1–17–02(1), terrorizing in violation of N.D.C.C. § 12.1–17–04(1), and indecent exposure in violation of N.D.C.C. § 12.1–20–12.1(1)(a).  Blurton was accused of sexually assaulting a woman who was passed out in a vehicle in a motel parking lot.  Blurton waived his right to a preliminary hearing and entered a not-guilty plea.

[¶ 3]   At a May 5, 2008, change-of-plea hearing, Blurton unconditionally pled guilty to an amended charge.  The district court explained Blurton's constitutional rights and that he would be giving up those rights if he pled guilty.  Blurton's attorney advised the court Blurton wanted to change his plea to an amended charge of gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(c) and the other charges would be dismissed.  The court confirmed that Blurton had an opportunity to talk to his attorney about the plea.  The court said it would allow the amended information and informed Blurton that he was now charged with gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(c), a class A felony, and that the other charges were dismissed.  Blurton said he understood he was giving up his constitutional rights and he had not been coerced or threatened into entering a guilty plea. The court asked Blurton how he pled, and Blurton said he pled guilty.  The State gave the factual basis for the charge.  The court asked Blurton if that was what happened, and he said, "Yes, sir, I'll agree with that."  The court accepted the plea, finding there was a sufficient factual basis for the plea and that it was freely and voluntarily made.  An amended information was filed, dismissing the aggravated assault, terrorizing, and indecent exposure charges, and amending the gross sexual imposition charge to a violation of N.D.C.C. § 12.1–20–03(1)(c) and (3)(b).

[¶ 4]   On June 5, 2008, Blurton's attorney moved to withdraw as counsel at Blurton's request.  Blurton sent the court a letter stating he wished to "rescind" his

guilty plea and requesting an attorney. During a June 12, 2008, hearing, the court granted the attorney's motion to withdraw as Blurton's counsel. The court also decided to delay making a decision on Blurton's motion to withdraw his guilty plea until Blurton had an opportunity to consult with a new attorney and decide whether he still wanted to withdraw the plea. A new attorney was appointed to represent Blurton.

[¶ 5] During an October 3, 2008, sentencing hearing, Blurton's attorney said Blurton was not attempting to withdraw his plea. Blurton was sentenced to twenty years in prison with fifteen years suspended, and five years of supervised probation.

## II

[¶ 6] Blurton argues he is entitled to withdraw his guilty plea because the district court did not comply with the requirements of N.D.R.Crim.P. 11, and his plea was uninformed and involuntary. Blurton also contends the factual basis for the plea was not sufficient and is not supported by evidence in the record.

[¶ 7] "Under N.D.R.Crim.P. 32(d), the standard for a district court's consideration of a defendant's request to withdraw a guilty plea differs depending on when the motion to withdraw is made." *State v. Lium*, 2008 ND 33, ¶ 17, 744 N.W.2d 775. Before the court accepts the guilty plea, the defendant may withdraw the plea at any time. *Id.* After a plea has been accepted but before sentencing, the defendant may withdraw a guilty plea if it is necessary to correct a manifest injustice or, at the court's discretion, for any "fair and just" reason unless the prosecution has been prejudiced by relying on the plea. *Id.* After a court accepts a guilty plea and imposes a sentence, the defendant cannot withdraw the plea unless the motion is timely and withdrawal is necessary to correct a manifest injustice. *Id.* The determination of a manifest injustice or the occurrence of a "fair and just" reason is within the court's discretion and will not be reversed on appeal unless the court abuses its discretion. *Id.* at ¶ 20.

[¶ 8] Here, Blurton told the court before sentencing that he wished to withdraw his guilty plea, but the court did not decide whether to grant his motion because Blurton indicated at the sentencing hearing that he no longer wished to withdraw his plea. Generally, issues cannot be raised for the first time on appeal unless the alleged error rises to the level of obvious error. N.D.R.Crim.P. 52(b); *State v. Foreid*, 2009 ND 41, ¶ 13, 763 N.W.2d 475. We exercise our power to notice obvious error only in exceptional situations where a defendant has suffered a serious injustice. *State v. Johnson*, 2009 ND 76, ¶ 11, 764 N.W.2d 696. "To establish obvious error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights." *Lium*, 2008 ND 33, ¶ 9, 744 N.W.2d 775. The error must be a clear deviation from an applicable legal rule under current law to constitute an obvious error. *Id.*

## A

[¶ 9] Blurton argues his plea was not knowing and voluntary because the court did not comply with the requirements for accepting a guilty plea under N.D.R.Crim.P. 11. He claims he was not informed of the maximum penalty and he was not informed of the nature of the charge he pled guilty to because there were errors in the amended information.

[¶ 10] A guilty plea must be entered knowingly, intelligently, and voluntarily to be valid. *State v. Bates*, 2007 ND 15, ¶ 13, 726 N.W.2d 595. Rule 11, N.D.R.Crim.P., provides a framework for

determining whether a plea is knowingly and voluntarily entered into. *Id.* at ¶ 15. When accepting a guilty plea, N.D.R.Crim.P. 11(b)(1) requires a court to address the defendant and advise him of the following:

(A) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(B) the right to a jury trial;

(C) the right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44;

(D) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(E) the defendant's waiver of these trial rights if the court accepts a plea of guilty;

(F) the nature of each charge to which the defendant is pleading;

(G) any maximum possible penalty, including imprisonment, fine, and mandatory fee;

(H) any mandatory minimum penalty; and

(I) the court's authority to order restitution.

The rule does not require ritualistic compliance, but a court must substantially comply with the rule's procedural requirements to insure the defendant is entering a voluntary and intelligent guilty plea. *Abdi v. State*, 2000 ND 64, ¶ 12, 608 N.W.2d 292.

[¶ 11] The court advised Blurton of his rights and complied with most of the requirements of N.D.R.Crim.P. 11(b), but the State admits Blurton was not informed of the maximum penalty at the change-of-plea hearing. However, the record shows Blurton had knowledge of the maximum penalty when he reaffirmed his guilty plea at the sentencing hearing. Blurton sent the district court a letter dated September 15, 2008, and attached a copy of notes from his first attorney which stated that the amended charge would not have a mandatory minimum penalty but would be a class A felony "punishable by up to 20 years in prison and a fine of twenty thousand dollars." Although the information given to Blurton about the fine amount was incorrect, it was not prejudicial because the maximum fine for a class A felony is ten thousand dollars. N.D.C.C. § 12.1–32–01(2). The district court erred in failing to advise Blurton of the maximum penalty during the change-of-plea hearing, however, any error that is harmless and does not affect a defendant's substantial rights must be disregarded. N.D.R.Crim.P. 52(a). *See also Abdi*, 2000 ND 64, ¶ 23 n. 1, 608 N.W.2d 292 (the harmless error provision of N.D.R.Crim.P. 52 applies to all criminal rules, including N.D.R.Crim.P. 11). The purpose of the N.D.R.Crim.P. 11(b) requirements is to ensure the defendant is aware of the consequences of his guilty plea. *State v. Gunwall*, 522 N.W.2d 183, 185 (N.D.1994). Blurton had full knowledge of the maximum penalty during the sentencing hearing when he reaffirmed his guilty plea and stated that he did not wish to withdraw his plea. The error did not affect Blurton's substantial rights and was harmless.

[¶ 12] Blurton also claims he was not informed of the nature of the charge he pled guilty to and he misunderstood the charges because the amended information charged him with violating N.D.C.C. § 12.1–20–03(1)(c) but the description of the elements were those of N.D.C.C. § 12.1–20–03(1)(b).

[¶ 13] Section 12.1–20–03(1), N.D.C.C., states a person who engages in a sexual

act with another is guilty of gross sexual imposition, if:

 b. That person or someone with that person's knowledge has substantially impaired the victim's power to appraise or control the victim's conduct by administering or employing without the victim's knowledge intoxicants, a controlled substance as defined in chapter 19–03.1, or other means with intent to prevent resistance;

 c. That person knows that the victim is unaware that a sexual act is being committed upon him or her;....

The amended information charged Blurton with:

> *GROSS SEXUAL IMPOSITION* in violation of Section 12.1–20–03(1)(c) & 3(c), N.D.C.C. in that on or about September 2, 2007, the defendant willfully engaged in a sexual act with another or caused another to engage in a sexual act and he or someone with his knowledge had substantially impaired the victim's power to appraise or control the victim's conduct by administrating or employing without the victim's knowledge intoxicants, a controlled substance as defined in chapter 19–03.1, or other means with intent to prevent resistance to-wit: that on or about the above-stated date, the defendant, *Joe R Blurton*, engaged in a sexual act with [the victim] when defendant knew [the victim] was highly intoxicated, passed out, and unaware.

[¶ 14] While the description of the elements of the offense in the amended information included a description of the elements of N.D.C.C. § 12.1–20–03(1)(b), which Blurton was not charged with, the error was harmless. The amended information charged Blurton with violating N.D.C.C. § 12.1–20–03(1)(c) and included a description of the elements of that offense. At the change-of-plea hearing, the State said it would amend the information to charge Blurton with violating N.D.C.C. § 12.1–20–03(1)(c) and the court advised Blurton he was now charged with violating N.D.C.C. § 12.1–20–03(1)(c). The information was later amended to correct the description of the elements of the offense. The judgment states Blurton was convicted of violating N.D.C.C. § 12.1–20–03(1)(c) and (3)(b). Blurton knew what crime he was charged with committing. The error in the amended information did not affect Blurton's substantial rights and was harmless.

[¶ 15] We conclude Blurton's guilty plea was knowingly and voluntarily entered, and any errors were harmless and do not rise to the level of obvious error.

### B

[¶ 16] Blurton claims the evidence in the record does not support the factual basis, and the factual basis does not support his conviction. A factual basis is a statement of facts that assures the defendant is guilty of the charged offense. *Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595. The defendant must admit to conduct in the factual basis that constitutes the charged offense and the court should compare each element of the charged offense to the facts the defendant admits. *Id.*

[¶ 17] When comparing the factual basis Blurton admitted to at the change of plea hearing with the elements of gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(c), the factual basis addressed each element of the crime. The State recited the following factual basis:

> on September 2nd of 2007, the victim in this matter ... had been drinking earlier in the day. First of all, she was staying with her mom in Detroit Lakes, she came up here to Cass County. Her and her boyfriend met, they went

around to several—various hotels. They had looked at four or five hotels. One of the hotels was the hotel in which this incident occurred. However, they did not end up getting a room there. They got a room at Sunset.

She then went to the bar where she admittedly had too much to drink. She drank some whiskey and cokes, she had a lot to drink. She then showed up at the—I believe it's the Motel 6 in Fargo, one of the hotels that they had been to earlier that day. She went in and tried to get her room, she was not able to do so. She was highly intoxicated.

She went back out to her car where she passed out. While she was passed out, the Defendant did come into her car one time, we're not quite sure what he did. He left the car. We have witnesses from the second floor of Motel 6 that saw this all go on. He then returns to the car where she's still passed out. He—she's highly intoxicated, unable to really control what she's doing or the situation. He forces her to have oral sex with him. He does tell her "Shut up, bitch," as well as other things to her. She is highly intoxicated, Your Honor, and she's unable to fend for herself or give consent to this action.

Blurton agreed the factual basis was correct. Blurton admitted that he engaged in a sexual act with the victim and he knew the victim was unaware the act was being committed. The factual basis was sufficient to support the guilty plea.

▆▆▆▆ [¶ 18] Blurton also claims the evidence in the record does not support the factual basis. He claims there should be statements from witnesses, physical and medical evidence of the victim's intoxication, and other evidence. However, a defendant who voluntarily pleads guilty waives the right to challenge non-jurisdictional defects and may only attack the

voluntary and intelligent character of the plea. *McMorrow v. State*, 2003 ND 134, ¶ 5, 667 N.W.2d 577. Because Blurton pled guilty and admitted the factual basis proposed by the State was correct, he waived the right to argue the evidence was insufficient to support the factual basis.

### III

[¶ 19] Blurton argues his trial counsel was ineffective because his counsel did not effectively assert Blurton's rights. He also raises claims of prosecutorial misconduct and evidence manipulation.

▆▆▆▆ [¶ 20] A defendant claiming ineffective assistance of counsel must show his counsel's performance was deficient and prejudiced the defendant. *Bates*, 2007 ND 15, ¶ 19, 726 N.W.2d 595. Generally, ineffective assistance of counsel claims should be raised in a post-conviction proceeding to allow the parties to fully develop a record of the counsel's performance and its impact on the defendant's claim. *Id.* When a claim is raised on direct appeal:

> we review the record to decide if the assistance of counsel was plainly defective. Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the complaining party must show some evidence in the record to support the claim. Representations and assertions of appellate counsel are not enough to establish a claim of ineffective assistance.

*Id.* (citations omitted).

[¶ 21] On this record, we are unable to determine why certain strategies were used and there is not evidence Blurton's counsel was plainly defective. The record is inadequate to determine Blurton's ineffective assistance of counsel claim, but the issue may be pursued in a post-conviction proceeding where an adequate record can

be made. *See State v. Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462.

[¶ 22] Blurton also raised claims of prosecutorial misconduct and evidence manipulation. However, these issues were not raised before the district court and this Court will not consider the issues for the first time on appeal. *See State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497. Furthermore, Blurton waived the right to challenge any non-jurisdictional defects occurring before the entry of his guilty plea. *McMorrow*, 2003 ND 134, ¶ 5, 667 N.W.2d 577.

### IV

[¶ 23] We conclude Blurton's guilty plea was knowing and voluntary. We affirm his conviction.

[¶ 24] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.