2010 ND 106

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Branden Thurman CLARK, Defendant and Appellant.**

Nos. 20090233–20090238.

Supreme Court of North Dakota.

June 10, 2010.

Faye A. Jasmer, Assistant State's Attorney, and Sean Kasson, third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Daniel J. Borgen, Grand Forks Public Defender Office, Grand Forks, N.D., for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Branden Clark appeals two criminal judgments convicting him of theft of property and issuing a check without an account. He also appeals an order revoking his probation and resentencing him to incarceration in four cases. We affirm.

I

[¶ 2] Clark was sentenced in 2005 on four criminal charges—theft by deception, issuing a check without sufficient funds, theft of property, and theft of services—and, after incarceration, subject to supervised probation on each. He subsequently faced new charges of class C felony theft of property and class A misdemeanor issuing a check without an account. The State petitioned to revoke his probation in the four original cases, alleging he had violated the conditions of his probation.

[¶ 3] Clark appeared before the district court and admitted he violated the conditions of his probation in each of the four cases. The district court revoked his probation and resentenced him to incarceration.

[¶ 4] Clark also informed the district court he wanted to "plead guilty" to the new charges and signed criminal judgments on each, stating he had appeared before the district court and entered a plea of guilty. The district court sentenced Clark to four years' incarceration in the felony theft case, to run consecutively to the revocation of probation sentences, and thirty days' incarceration in the misdemeanor case of issuing a check without an account, to run concurrently.

[¶ 5] Clark appeals, arguing he was sentenced without first entering a guilty plea to the charges of theft of property and issuing a check without an account.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06.

II

[¶ 7] Clark's sole argument on appeal is that he did not enter a guilty plea to the two criminal charges, and thus he was denied the constitutional right to due process.

[¶ 8] A guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Blurton*, 2009 ND 144, ¶ 10, 770 N.W.2d 231. Rule 11 of the North Dakota Rules of Criminal Procedure governs pleas and provides a framework for determining whether a plea is knowingly and voluntarily entered. *See* N.D.R.Crim.P. 11; *see also Blurton*, at ¶ 10. Rule 11 provides that a court may not accept a plea of guilty without first addressing the defendant in open court

and advising the defendant of the rights waived by entering a guilty plea, the nature of each charge to which the defendant is pleading, any maximum possible penalty, any mandatory minimum penalty, and the court's authority to order restitution. N.D.R.Crim.P. 11(b)(1). "The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." *Froistad v. State*, 2002 ND 52, ¶ 25, 641 N.W.2d 86 (quoting *State v. Boushee*, 459 N.W.2d 552, 555 (N.D. 1990)). The rule does not require ritualistic compliance, but the district court must substantially comply with the rule to ensure the defendant enters a voluntary and intelligent guilty plea. *Blurton*, at ¶ 10.

[¶ 9] Clark contends he did not enter a guilty plea before the district court. On each charge—theft of property and issuing a check without an account—Clark signed criminal judgments stating he "appeared before the Court and . . . entered a plea of guilty." Additionally, the record reflects that the district court addressed Clark in open court and advised him of the rights waived by entering a guilty plea and that Clark stated his intention to plead guilty several times. In *State v. Storbakken*, 246 N.W.2d 78 (N.D.1976), a guilty plea was challenged "solely because the trial judge did not restate Storbakken's constitutional rights *eo nomine* [by name] at the time he accepted the plea, and because the trial judge did not follow the exact format of questioning spelled out in Rule 11 of the North Dakota Rules of Criminal Procedure." *State v. Storbakken*, 246 N.W.2d 78, 82 (N.D.1976). This Court held, "It is sufficient to satisfy due process that such knowledge on the part of the defendant is clearly reflected *from the whole record*, not just the interrogation of the defendant by the trial court." *Id.* at 84 (emphasis added).

[¶ 10] On the basis of the whole record, Clark's knowledge of the rights waived and the fact that he was voluntarily and knowingly pleading guilty is clearly reflected. Clark signed criminal judgments stating he had pled guilty and addressed the court with his intention to plead guilty throughout the proceedings below. In March 2009, Clark appeared before the district court at a bail hearing. Clark stated, "I would like to go ahead and plead guilty on Information only." The district court judge then detailed the nature of the two charges and the maximum penalties and mandatory fees on each. The judge told Clark he had a right to a preliminary hearing and the right to a jury trial and suggested he speak with an attorney. Clark replied he would "just as soon put this behind" him and that he would like to "just get these set for the judge as you need to then." The judge asked, "For sentencing?" Clark replied yes. The judge also asked Clark if he was waiving his right to a preliminary hearing, and Clark replied yes. In April 2009, Clark again appeared before the district court, before a different judge, at the arraignment, sentencing, and revocation of probation hearing. Clark stated:

I am kind of conceding with the State on most of this, Your Honor. I don't know what defense I would have against the truth. I am pretty much just at the mercy of the Court. Just kind of like to maybe plead guilty today and request to be sentenced.

Clark again stated he waived his right to an attorney. After the State requested a pre-sentence investigation report and gave additional background facts, the district court judge stated that the case was becoming too complicated and that he would not accept a guilty plea from Clark without Clark's first speaking with an attorney. The judge appointed counsel for Clark,

ordered a pre-sentence investigation report, and continued the hearing. In May 2009, the hearing was once again continued after Clark's court-appointed counsel informed the court that another attorney had agreed to represent Clark. In July 2009, the hearing concluded, with Clark represented by the other attorney. Clark admitted each of the allegations in the four revocation-of-probation cases. The district court revoked Clark's probation in each of the four cases and resentenced him to five years' incarceration in each case, to run concurrently, with credit given for time served. The district court sentenced Clark to four years' incarceration in the felony theft case, to run consecutively to the revocation-of-probation sentences, and thirty days' incarceration in the misdemeanor case of issuing a check without an account, to run concurrently. The district court asked whether there was anything else to address, and Clark's attorney responded no. Clark signed criminal judgments on the charges of theft of property and issuing a check without an account, stating he "appeared before the Court and . . . entered a plea of guilty."

[¶ 11] Clark claims these facts are analogous to *State v. Wester*, 204 N.W.2d 109 (N.D.1973), in which this Court held that when no plea is taken and judgment is pronounced on the theory that a guilty plea has been entered, the judgment is a nullity and thus void. *State v. Wester*, 204 N.W.2d 109, 118 (N.D.1973). *Wester* gives no indication the defendant signed a criminal judgment stating he had pled guilty, nor is there any indication the defendant told the district court that he was pleading guilty. *Id.* at 110 ("A review of the record discloses that the trial court did not ask for a plea, that Wester did not enter a plea either orally or in writing, and that his counsel did not enter a plea for him."). This Court in *Wester* was "confronted with a unique situation when because of the confusion on the part of all concerned, including trial judge, prosecuting attorney, defense attorney, and defendant, no plea of guilty, either oral or in writing, was entered by the defendant or his counsel, and no plea was asked for by the judge or the prosecuting attorney." *Id.* at 118. To avoid the same situation in the future, this Court recommended that the district court should ask each defendant in open court how he pleads, that the district court should require each defendant to enter his plea orally in open court and in the presence of his counsel, unless counsel is waived, and that the proceedings should be recorded verbatim. *Id.*

[¶ 12] The situation described in *Wester* differs significantly from the facts at hand. Here, Clark signed criminal judgments on each of the two charges, stating he entered a plea of guilty. He appeared before the district court and stated his intention to "plead guilty." The district court informed Clark of the rights waived by pleading guilty, the nature of the two charges, and the maximum penalties and mandatory fees on each. *See* N.D.R.Crim.P. 11(b). Clark's knowledge that he was waiving his rights and voluntarily and knowingly pleading guilty is clearly reflected from the whole record. *See, e.g., State v. Storbakken*, 246 N.W.2d 78, 84 (N.D.1976) ("It is sufficient to satisfy due process that such knowledge on the part of the defendant is clearly reflected from the whole record, not just the interrogation of the defendant by the trial court.").

### III

[¶ 13] We affirm the order revoking Clark's probation and the criminal judgments convicting Clark of theft of property and issuing a check without an account.

[¶ 14] DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 15] I reluctantly concur in the result reached by the majority. My reluctance arises out of my concern that in distinguishing this case from that of *State v. Wester*, 204 N.W.2d 109 (N.D.1973), we may appear to weaken what should be a bright-line standard. Although the facts of this case indeed may be distinguishable, the lesson of *Wester* is still valid, i.e., "the court ask each defendant in open court how he pleads to the specific offense for which he is charged, that the court require each defendant to enter his plea orally in open court and in the presence of his counsel, unless counsel is waived." *Id.* at 118. The Court in *Wester* noted it had not yet adopted Rules of Criminal Procedure. *Id.* This Court has since adopted those Rules of Criminal Procedure and compliance with Rule 11 should avoid the subjective review and analysis of the record in which the majority opinion must engage in order to affirm these criminal judgments. While I agree that ritualistic compliance with the rule is not required, when it comes to the final inquiry there should be no doubt whatsoever as to whether a defendant actually pled to the crime and whether that plea was guilty or not guilty. To that extent I believe the *Wester* standard remains well-founded. I trust the majority opinion does not suggest otherwise.

[¶ 16] MARY MUEHLEN MARING, J., concurs.