2015 ND 64

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joseph R. BARNES, Jr., Defendant and Appellant.**

**No. 20140159.**

Supreme Court of North Dakota.

March 24, 2015.

Christene A. Reierson, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee.

Eric P. Baumann (argued) and Robert W. Martin (on brief), North Dakota Public Defenders' Office, Minot, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶1] Joseph Barnes appeals from a criminal judgment entered after he pleaded guilty to a charge of driving under the influence of alcohol, arguing his sentence was incorrectly enhanced. Because Barnes entered a counseled, unconditional guilty plea to driving under the influence as a class A misdemeanor, he failed to preserve the issue he raised on appeal. We affirm.

I

[¶2] In December 2013, Barnes made an initial appearance in the district court after being arrested and charged for driving while under the influence of alcohol, a class A misdemeanor. Barnes was also charged for driving while his license was suspended and failure to transfer vehicle

title, both class B misdemeanors. In April 2014, the district court held a hearing originally designated as a status conference, but which ultimately became a change of plea and sentencing hearing.

[¶ 3] At the outset of the hearing, Barnes, rather than the State, introduced into the record a May 2012 district court judgment and a March 2013 Minot municipal court judgment, establishing that he had two prior convictions for driving under the influence of alcohol. Although the March 2013 judgment indicates Barnes waived the right to counsel before entering his guilty plea, the May 2012 judgment makes no reference to either representation by counsel or waiver of counsel before Barnes's entry of a guilty plea. Before pleading guilty to the December 2013 charges in this case, Barnes objected to using the May 2012 judgment as a "sentencing enhancement" for driving under the influence because the judgment did not indicate Barnes either had counsel or had waived his right to counsel. After hearing argument from Barnes and the State, the district court concluded the waiver of the right to counsel in the March 2013 judgment cured any constitutional defect regarding the alleged lack of counsel or specific waiver of counsel in the May 2012 judgment.

[¶ 4] Barnes pleaded guilty to the charges, including driving while under the influence of alcohol as a class A misdemeanor, and the court stayed the execution of the sentence pending appeal.

## II

[¶ 5] Barnes argues the district court erred in concluding that the waiver of an attorney and an uncounseled entry of a guilty plea to the offense of driving under the influence "cures" a previously entered unwaived and uncounseled entry of a guilty plea to driving under the influence,

so as to allow both prior convictions to be used for "sentencing enhancements" under North Dakota law.

[¶ 6] We conclude the dispositive issue in this appeal, however, is whether Barnes reserved his right to have this Court review his issue under N.D.R.Crim.P. 11.

 [¶ 7] Rule 11, N.D.R.Crim.P., governs guilty pleas and provides the procedural framework for a defendant entering a plea. A guilty plea must be entered knowingly, intelligently, and voluntarily to be considered valid. *See State v. Trevino,* 2011 ND 232, ¶ 6, 807 N.W.2d 211; *State v. Clark,* 2010 ND 106, ¶ 8, 783 N.W.2d 274. A defendant who voluntarily pleads guilty "waives the right to challenge non-jurisdictional defects and may only attack the voluntary and intelligent character of the plea." *State v. Blurton,* 2009 ND 144, ¶ 18, 770 N.W.2d 231; *see also State v. Slapnicka,* 376 N.W.2d 33, 35 (N.D.1985) ("[A] voluntary plea of guilty waives all nonjurisdictional defects alleged to have occurred prior to the guilty plea ... includ[ing] alleged violations of constitutional rights." (citations omitted)).

 [¶ 8] Rule 11(a)(2), N.D.R.Crim. P., specifically allows a defendant to enter a conditional guilty plea, thereby reserving in writing the right to appeal an adverse determination of specified pretrial motions:

> With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, *reserving in writing* the right to have an appellate court review an *adverse determination* of a specified pretrial motion. *A defendant who prevails on appeal must be allowed to withdraw the plea.*

(Emphasis added.) Rule 11, N.D.R.Crim. P., does not require "ritualist compliance," but a court must "substantially comply" with the rule's procedural requirements to ensure a defendant is entering a voluntary

and intelligent guilty plea. *See State v. Murphy*, 2014 ND 202, ¶¶ 11–12, 855 N.W.2d 647; *Trevino*, 2011 ND 232, ¶ 8, 807 N.W.2d 211; *Blurton*, 2009 ND 144, ¶ 10, 770 N.W.2d 231; *see also* N.D.R.Crim.P. 52(a) ("Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded."). Courts have held the Rule 11(a)(2) writing requirement is not jurisdictional and have upheld the validity of conditional guilty pleas absent a writing in certain narrow circumstances. *See Trevino*, 2011 ND 232, ¶ 12, 807 N.W.2d 211. This case, however, does not involve a conditional guilty plea.

[¶ 9] The April 2014 criminal judgment, from which Barnes has appealed, states that he entered a guilty plea to the charge of driving while under the influence of alcohol, a class A misdemeanor, in violation of N.D.C.C. § 39–08–01. In addition to various fees, the court imposed a fine of $2,000 and sentenced Barnes to one year in county jail, first serving 120 days with the balance of the sentence suspended. Although the judgment stayed the sentence "pending appeal" to this Court, the judgment does not state that Barnes's guilty plea was conditional, nor is there a separate writing filed in this case showing compliance with N.D.R.Crim.P. 11(a)(2) and specifying the issues reserved for appeal. Further, the plea hearing transcript plainly shows that Barnes's guilty plea was not a conditional plea:

THE COURT: Court finds there's an adequate, factual basis to accept the defendant's plea on all three matters. I have to confess that I have not had this happen before. Is there any language that needs to be placed into the—*this is not a conditional plea?*

MR. MARTIN: Right. If it was the conditional plea, it would have to be done in writing, I believe, prior to the pretrial conference. The State would have to consent to it as well, I think.

THE COURT: Okay.

MR. MARTIN: *This isn't a conditional plea.* It's actually an appeal in a point of law for sentencing.

THE COURT: Okay.

MR. MARTIN: So I don't know if there's any specialized language. But the Court may want to spell it out on the record for the Supreme Court's benefit.

(Emphasis added.)

[¶ 10] Both the district court and Barnes's counsel erroneously assumed Barnes's issue for appeal was merely a point of law for sentencing, but Barnes was charged with a more serious offense based on his prior convictions. Under N.D.C.C. § 39–08–01(5), a "second offense" within seven years for driving under the influence mandates a sentence of at least ten days' imprisonment and a fine of $1,500, but a "third offense" requires at least 120 days' imprisonment and a fine of at least $2,000. *See* N.D.C.C. § 39–08–01(5)(b), (c). In this case, Barnes was charged with and pleaded guilty to driving under the influence as a class A misdemeanor. Section 39–08–01(3), N.D.C.C., specifically designates a "third offense" as a class A misdemeanor:

An individual violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second offense in a seven-year period, *of a class A misdemeanor for a third offense* in a seven-year period, of a class C felony for any fourth or subsequent offense regardless of the length of time since the previous offense. *The minimum penalty for violating this section is as provided in subsection 5.* The court shall take judicial notice of the fact that an offense would be a subsequent offense if indicated by the records of the director or may

make a subsequent offense finding based on other evidence.

(Emphasis added.)

[¶ 11] We have said that " '[a] prior conviction that enhances a sentence, but not the seriousness of the offense, is generally not regarded as an element of the offense.' " *State v. Tutt,* 2007 ND 77, ¶ 8, 732 N.W.2d 382 (quoting *City of Fargo v. Cossette,* 512 N.W.2d 459, 462 (N.D.1994)); *see also State v. Saul,* 434 N.W.2d 572, 574 (N.D.1989); *State v. Gahner,* 413 N.W.2d 359, 362 (N.D.1987); *State v. Edinger,* 331 N.W.2d 553, 554 (N.D.1983). However, as this Court explained in *Gahner,* 413 N.W.2d at 362, when a defendant is charged with a more serious offense under N.D.C.C. § 39–08–01, *i.e.,* an offense-enhancing prior conviction, the complaint or an amendment to it "must either charge [the greater offense], allege the prior offense-enhancing convictions, or both."

[¶ 12] In this case, Barnes was charged with, and the criminal judgment states Barnes pleaded guilty to, driving under the influence under N.D.C.C. § 39–08–01 as a class A misdemeanor. Thus, even if this Court were to agree with Barnes's arguments on appeal, Barnes's counseled, unconditional guilty plea to the class A misdemeanor necessarily includes the factual basis of a third offense. *See Mack v. United States,* 853 F.2d 585, 586 (8th Cir.1988) ("[A] plea of guilty admits all of the elements of a criminal charge, and waives all challenges to the prosecution either by direct appeal or by collateral attack, except challenges to the court's jurisdiction."). As such, the district court on remand could not simply "resentence" Barnes for a second offense under N.D.C.C. § 39–08–01, which is a class B misdemeanor, without Barnes withdrawing his guilty plea. Although he challenges his sentence on appeal, Barnes has not raised any issue in the district court or on appeal challenging his guilty plea. *Cf. United States v. VandeBrake,* 679 F.3d 1030, 1036 (8th Cir.2012) ("The only Rule 11 issues we have considered on appeal following an unconditional guilty plea are those which 'call[ ] into question the knowing and voluntary nature of a plea, and thus its validity,' including challenges to the 'adequacy of a factual basis' for the plea.").

[¶ 13] Here, the district court sentenced Barnes "within the sentencing limits prescribed by statute." *Murphy,* 2014 ND 202, ¶ 15, 855 N.W.2d 647. Because Barnes entered a counseled, unconditional guilty plea to driving under the influence under N.D.C.C. § 39–08–01 as a class A misdemeanor, he failed to preserve his issue on appeal. We, therefore, affirm the criminal judgment.

### III

[¶ 14] The judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.