Tufte, Justice.
[¶ 1] James Jorgenson appeals from the district court's order approving pretrial diversion and order of restitution. Although these orders are not appealable under N.D.C.C. § 29-28-06, we exercise our supervisory jurisdiction to review them. Because these orders do not comply with N.D.R.Crim.P. 32.2, they are vacated.
I
[¶ 2] The State charged Jorgenson with two counts of theft of property for depriving Jackie Blikre of proceeds from the sale of calves. The district court approved a pretrial diversion agreement entered into by the parties ("Diversion Order"), suspending prosecution for sixty months after which the charges would be dismissed if Jorgenson met certain conditions. One such condition was that Jorgenson "shall pay restitution to be determined by the Court at a contested Restitution Hearing ...." After a restitution hearing, the district court ordered Jorgenson to pay restitution in the amount of $50,000 ("Restitution Order").
II
[¶ 3] "The right of appeal in North Dakota is governed purely by statute, and an order is appealable only if it comes within the provisions of a specific statute." State v. Moore , 2003 ND 83, ¶ 4, 662 N.W.2d 263. "Although '[s]tatutes conferring the right to appeal must be liberally construed to maintain the right to appeal,' the party appealing bears the burden of showing that the right to appeal comes within the language of a statute." Id. Section 29-28-06, N.D.C.C., provides statutory authority for appeals by a defendant in a criminal case, and states:
An appeal may be taken by the defendant from:
1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party.
Jorgenson appeals from an order approving pretrial diversion and an order to pay restitution. Because this matter was resolved by pretrial diversion, there was no trial, verdict, or final judgment. We conclude that the Diversion Order and Restitution Order do not fall within any of these subsections. Thus, they are not appealable orders under § 29-28-06.
[¶ 4] Although Jorgenson's appeal is not authorized by statute, we may exercise our supervisory jurisdiction to review the orders.
*487 Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27-02-04. The authority is discretionary, and it cannot be invoked as a matter of right. We issue supervisory writs only to rectify errors and prevent injustice when no adequate alternative remedies exist. Further, we generally do not exercise supervisory jurisdiction when the proper remedy is an appeal, even though an appeal may be inconvenient or increase costs. This authority is exercised rarely and cautiously and only in extraordinary cases. Finally, determining whether to exercise original jurisdiction is done on a case-by-case basis.
Holbach v. City of Minot , 2012 ND 117, ¶ 12, 817 N.W.2d 340 (citations and quotations omitted).
[¶ 5] For the reasons below, we conclude the district court erred by approving a pretrial diversion agreement that failed to comply with N.D.R.Crim.P. 32.2. Because Jorgenson cannot appeal this decision, there are no adequate alternative remedies to correct this error. We consider this an extraordinary case meriting review because the amount of restitution ordered is large, larger than the maximum fine that could be imposed for the charged offenses, and because there is little guidance on application of Rule 32.2 in our case law. Therefore, we exercise our supervisory authority to review the order approving pretrial diversion and order requiring Jorgenson to pay restitution.
III
[¶ 6] Rule 32.2(a), N.D.R.Crim.P., provides for pretrial diversion agreements and their conditions:
(a) Agreements Permitted.
(1) Generally. After due consideration of the victim's views and subject to the court's approval, the prosecuting attorney and the defendant may agree that the prosecution will be suspended for a specified period after which it will be dismissed ....
(2) Additional Conditions. Subject to the court's approval after due consideration of the victim's views and upon a showing of substantial likelihood that a conviction could be obtained and that the benefits to society from rehabilitation outweigh any harm to society from suspending criminal prosecution, the agreement may specify additional conditions to be observed by the defendant during the period, including:
....
(C) that the defendant make restitution in a specified manner for harm or loss caused by the crime charged;
....
(Emphasis added.)
[¶ 7] The pretrial diversion agreement, approved by the district court, provided that Jorgenson "shall pay restitution to be determined by the Court at a contested Restitution Hearing ...." The condition of requiring restitution to be determined by the district court at a contested hearing is not permitted by Rule 32.2. If payment of restitution is to be a condition in the pretrial diversion agreement, all terms must be negotiated by the parties alone. Similar to binding plea agreements, the district court may only approve or disapprove of the final agreement, not participate in negotiating its terms. Compare N.D.R.Crim.P. 32.2(a), with N.D.R.Crim.P. 11(c)(1), (3)(A) (stating, "The prosecuting attorney and the defendant's attorney ... may discuss and reach a plea agreement. The court must not participate in these discussions." However, "the court may accept *488 the agreement, reject it, or defer a decision ....").
[¶ 8] Because the pretrial diversion agreement required the district court to determine the amount of restitution, the Diversion Order approving the agreement violated Rule 32.2 and is therefore vacated. Further, because the district court ordered that restitution be paid on the basis of the erroneous pretrial diversion agreement and determined a term of the agreement by ordering the restitution amount of $50,000 against Jorgenson, the Restitution Order is vacated.
IV
[¶ 9] We exercise our supervisory jurisdiction to review the district court's order approving pretrial diversion and order of restitution. Because these orders do not comply with N.D.R.Crim.P. 32.2, they are vacated. We remand to the district court for further proceedings consistent with this opinion.
[¶ 10] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.
McEvers, Justice, concurring specially.
[¶ 11] I have signed the majority opinion, writing separately to note that any error made by the district court was invited by the defendant when he asked the district court to determine the amount of restitution as part of the pretrial diversion agreement. Generally, such errors would be waived and the defendant could not benefit by his actions on appeal. State v. Watkins , 2017 ND 165, ¶ 13, 898 N.W.2d 442. Despite the orders being unappealable, we are supervising, which may appear to benefit the defendant. However, the defendant does not benefit by the invited error because the agreement he negotiated is vacated.
[¶ 12] Lisa Fair McEvers