# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 44

State of North Dakota,                                            Plaintiff and Appellee

v.

Falesteni Ali Abuhamda,                                      Defendant and Appellant

No. 20180127

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

DISMISSED IN PART AND AFFIRMED IN PART.

Opinion of the Court by McEvers, Justice.

Charles B. Neff, Assistant State's Attorney, Watford City, ND, for plaintiff and appellee.

Deanna F Longtin, Williston, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]     Falesteni Ali Abuhamda appeals from an order approving pretrial diversion, an order deferring imposition of sentence, and an order denying his motion to dismiss. We dismiss the appeal on Counts 1, 2, and 5, referenced in the order approving pretrial diversion, for lack of jurisdiction because the order is not appealable under N.D.C.C. § 29-28-06 and we decline to supervise. We affirm on Count 4, concluding Abuhamda has failed to preserve the issue because the record does not reflect his plea was conditional.


I

[¶2]     In March 2017, law enforcement officers executed a search warrant on two stores owned by Falesteni Ali Abuhamda, seizing items containing Cannabidiol ("CBD"), Delta-9-tetrahydrocannabinol ("THC"), Hashish, and Cannabis (marijuana) as well as paraphernalia used to ingest those substances. Abuhamda was charged with seven counts relating to the confiscated items:

| | |
|---|---|
| Count 1: | Delivery of a controlled substance analog; |
| Count 2: | Possession of Tetrahydrocann[a]binols within 1,000 feet of a school; |
| Count 3: | Possession of a controlled substance; |
| Count 4: | Unlawful delivery, possession with intent to deliver, or manufacture with intent to deliver drug paraphernalia; |
| Count 5: | Unlawful advertisement of drug paraphernalia; |
| Count 6: | Unlawful possession of drug paraphernalia; |
| Count 7: | Possession of Marijuana. |

A preliminary hearing was held to determine the existence of probable cause.

[¶3]     Abuhamda moved to dismiss Counts 1, 2, 4, and 5, arguing CBD is neither an illegal drug nor a controlled substance, naturally occurring THC found in CBD products at certain levels is not illegal, CBD products are legal in North Dakota, and

paraphernalia is only illegal if specifically used or intended to be used with a controlled substance. Abuhamda simultaneously moved to suppress any evidence seized during the searches of his stores, arguing the searches were unreasonable due to law enforcement's reliance on a federal agency ruling for guidance rather than the laws of North Dakota. A hearing was held on the motion. During the hearing, the State called LaMonte Jacobson, a forensic scientist from the North Dakota State Crime Laboratory Division, who testified that CBD and Delta-9-THC are controlled substances under North Dakota law and CBD is a controlled substance under the Federal Controlled Substances Act.

[¶4] The district court denied the motion to dismiss and suppress evidence, holding Abuhamda failed to provide any evidence to dispute or discredit the State's witness, a forensic scientist, who testified to the illegality of the substances found on the seized items, and the potential illegality of the advertisement of alleged drug paraphernalia was a question for the jury. Following the motion hearing, Abuhamda entered a pretrial diversion agreement on Counts 1, 2, and 5, which was accepted by the district court. Abuhamda pleaded guilty on Counts 3, 4, 6, and 7 and the district court entered orders deferring imposition of sentence. He argues on appeal the district court erred in denying his motion to dismiss Counts 1, 2, 4, and 5.

II

[¶5] The State argues because Counts 1, 2, and 5 were resolved by a pretrial diversion agreement, this Court does not have jurisdiction to review the underlying motion to dismiss pertaining to those charges. We agree. The right to appeal in this state is purely statutory, and without statutory authorization to hear an appeal this Court lacks jurisdiction. *State v. Robideaux*, 475 N.W.2d 915, 916 (N.D. 1991). In *State v. Jorgenson*, 2018 ND 169, ¶ 3, 914 N.W.2d 485, this Court concluded a defendant has no statutory right to appeal from an order approving pretrial diversion under N.D.C.C. § 29-28-06. Section 29-28-06, N.D.C.C., reads:

An appeal may be taken by the defendant from:

2

1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party.

Because Counts 1, 2, and 5 were resolved by an order approving a pretrial diversion, they are not appealable.

[¶6] In response to the State's argument that the order approving the pretrial diversion is unappealable, Abuhamda requests this Court to exercise our supervisory jurisdiction to rectify an injustice, because the pretrial diversion contemplated he be allowed to appeal. We have occasionally treated appeals not authorized by statute as requests for a supervisory writ. *State v. Deutscher*, 2009 ND 98, ¶ 13, 766 N.W.2d 442. We have discretion to authorize a supervisory writ in some circumstances:

> Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27-02-04. The authority is discretionary, and it cannot be invoked as a matter of right. We issue supervisory writs only to rectify errors and prevent injustice *when no adequate alternative remedies exist*. Further, we generally do not exercise supervisory jurisdiction when the proper remedy is an appeal, even though an appeal may be inconvenient or increase costs. This authority is exercised rarely and cautiously and only in extraordinary cases. Finally, determining whether to exercise original jurisdiction is done on a case-by-case basis.

*State v. Jorgenson*, 2018 ND 169, ¶ 4, 914 N.W.2d 485 (citation and quotation omitted) (emphasis added). "Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented." *State, ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626 (citations omitted). The standard is not whether a party has lost its right to appeal due to tactical choices or procedural errors. *Id.* at ¶ 21 (Maring, J., dissenting).

[¶7] In effect, by attempting to appeal from an order denying suppression, when Abuhamda has not entered a guilty plea to the charges, he is asking this Court to render an advisory opinion. This is not the extraordinary case that cries out for our

3

intervention. Abuhamda has not argued this is a matter of great public concern. In addition, Abuhamda has not shown that no adequate remedy exists. Under N.D.R.Crim.P. 32.2(g), Abuhamda may move for modification or termination of the agreement based on the misrepresentation that he would be allowed to appeal from the order approving the pretrial diversion.

III

[¶8] Abuhamda entered a guilty plea on Count 4, claiming it was conditioned on the right to appeal. Abuhamda appeals Count 4 from an order deferring imposition of sentence.

> An order deferring imposition of sentence is not listed as an appealable order in N.D.C.C. § 29-28-06. Where no separate judgment of conviction has been entered and the order deferring imposition of sentence complies with the requirements of N.D.R.Crim.P. 32(b) for criminal judgments, the order serves as the judgment of conviction and is appealable. *State v. Trosen*, 547 N.W.2d 735, 737 n.1 (N.D. 1996).

*State v. Berger*, 2004 ND 151, ¶ 8, 683 N.W.2d 897. The order deferring imposition of sentence here serves as a judgment and an appeal may be taken from the order.

[¶9] Rule 11(a)(2), N.D.R.Crim.P., "permits a defendant to enter a conditional guilty plea, reserving in writing the right to appeal an adverse determination of specified pretrial motions." *State v. Trevino*, 2011 ND 232, ¶ 7, 807 N.W.2d 211 (citations omitted). The rule reads:

> Conditional Plea. With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a *specified pretrial motion*. The defendant, any defendant's attorney, and the prosecuting attorney must consent in writing to a conditional plea filed with the court. If the court accepts the conditional plea, it must enter an order. The resulting judgment must specify it is conditional. A defendant who prevails on appeal must be allowed to withdraw the plea.

N.D.R.Crim.P. 11(a)(2) (emphasis added).

4

[¶10] We have held that although N.D.R.Crim.P. 11 does not require ritualistic compliance, a court must substantially comply with the rule's procedural requirements "to ensure a defendant is entering a voluntary and intelligent guilty plea." *Trevino*, 2011 ND 232, ¶ 8, 807 N.W.2d 211 (citations omitted). In *Trevino,* we held a conditional guilty plea had been entered despite the absence of any reference to the plea being conditional in the criminal judgment when (1) the transcript clearly reflected both parties and the district court intended the plea be conditional, and (2) the State did not argue that the defendant's plea was not conditional nor that the State did not consent to the conditional plea. *Id*. at ¶ 14. In *State v. Barnes*, 2015 ND 64, 860 N.W.2d 466, we relied on our holding in *Trevino* excepting strict compliance with the Rule 11(a)(2) writing requirement, but we noted the boundaries of that exception: "Courts have held the Rule 11(a)(2) writing requirement is not jurisdictional and have upheld the validity of conditional guilty pleas absent a writing in *certain narrow circumstances*." *Barnes*, at ¶ 8 (emphasis added). We held *Barnes* did not qualify as one such narrow circumstance:

> Although the judgment stayed the sentence "pending appeal" to this Court, the judgment does not state that Barnes's guilty plea was conditional, nor is there a separate writing filed in this case showing compliance with N.D.R.Crim.P. 11(a)(2) and specifying the issues reserved for appeal. Further, the plea hearing transcript plainly shows that Barnes's guilty plea was not a conditional plea.

*Id*. at ¶ 9 (noting the defendant's counsel explicitly told the court "this isn't a conditional plea").

[¶11] Similar to *Barnes*, here the order deferring imposition of sentence does not state Abuhamda's plea was conditional, nor is there a separate writing showing compliance with N.D.R.Crim.P. 11(a)(2) and specifying issues reserved for appeal. Unlike *Barnes* and *Trevino*, Abuhamda has not provided a transcript of the change of plea hearing allowing this Court a record to review whether the district court substantially complied with N.D.R.Crim.P. 11. The only reference in the order deferring imposition of sentence that supports Abuhamda's argument that his plea was

5

conditional is a statement that he would be allowed to withdraw his guilty plea if he prevails on appeal. While the pretrial diversion agreement contained an attempt to reserve a right to appeal the order denying the motion to dismiss and suppress regarding Counts 1, 2, and 5, nothing in the record points to issues preserved for review by a conditional plea on Count 4. Although the State here does not argue the plea was *not* conditional, we decline to extend our holding in *Trevino* to such broad circumstances where, other than the defendant's assertion at oral argument, there is nothing in the record aside from mere hints in the judgment which actually reflects a conditional plea. We are unable to discern in our review of the record that Abuhamda entered a conditional plea, therefore, Count 4 has not been properly preserved for review by this Court. Again, we emphasize the importance of compliance with Rule 11(a)(2) to protect against disputes regarding conditional pleas. *See Trevino*, 2011 ND 232, ¶ 14 ("[W]e again reiterate that the best practice is to comply with the rule's specific writing requirements.").


IV

[¶12] We conclude we do not have jurisdiction over the matters appealed, and because we decline to exercise our supervisory jurisdiction, the appeal is dismissed on Counts 1, 2, and 5. Because Abuhamda has not shown he entered a conditional plea on Count 4, the underlying issue was not preserved and we affirm the order deferring imposition of sentence.

[¶13]   Lisa Fair McEvers
          Daniel J. Crothers
          Jerod E. Tufte
          Jon J. Jensen
          Gerald W. VandeWalle, C.J.

6