# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2019 ND 276

State of North Dakota,                                                    Plaintiff and Appellee

v.

Chad Vincent Legare,                                                    Defendant and Appellant

No. 20190069

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Joshua E. Frey (argued), State's Attorney, Towner, ND, and Paul R. Emerson (appeared), Assistant Attorney General, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]  Chad Vincent Legare appeals from a criminal judgment entered after his guilty plea to attempted murder. We affirm.

I

[¶2]  Prior to his guilty plea, Legare moved for an order allowing him to present an affirmative defense of justification or excuse. The court denied the motion, stating it would not allow a special jury instruction regarding defense of others when no evidence or anticipated evidence showed there was imminent danger to the woman Legare argued he was defending. Legare pleaded guilty to attempted murder under an Alford plea.

[¶3]  Legare argues his Sixth Amendment right to present a defense was violated and the court erred by not allowing him to present his defense of justification or excuse. Legare requests the conviction be vacated and the order denying his motion in limine reversed.

II

A

[¶4]  Legare argues the *Menna-Blackledge* doctrine applies and he is not precluded from bringing his appeal. The State argues the *Menna-Blackledge* doctrine does not apply and Legare has no right to appeal from judgment entered upon an unconditional Alford plea. Assuming, without deciding whether the doctrine applies, Legare's claim does not fall within the exception of the *Menna-Blackledge* doctrine, and he has not preserved his right to appeal the district

court's denial of his motion in limine seeking permission to argue and instruct the jury on defense of others.

[¶5] In *Class v. United States*, 138 S.Ct. 798 (2018), the United States Supreme Court reaffirmed the *Menna-Blackledge* doctrine, stating the "doctrine's basic teaching that 'a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.'" (citing *United States v. Broce*, 488 U.S. 563, 575 (1989) (quoting *Menna v. New York*, 423 U.S. 61, 63, n.2 (1975)). Essentially, "an unconditional guilty plea waives all nonjurisdictional claims with the possible exception of the '*Menna-Blackledge* doctrine.'" *Class*, 138 S.Ct. 798 at 816 (Alito, Kennedy and Thomas dissenting).

[¶6] The Supreme Court explained a defendant does not relinquish his right to appeal all constitutional determinations by pleading guilty, stating, "As an initial matter, a valid guilty plea 'forgoes not only a fair trial, but also other accompanying constitutional guarantees.'" *United States v. Ruiz*, 536 U.S. 622, 628–629 (2002). "While those 'simultaneously' relinquished rights include the privilege against compulsory self-incrimination, the jury trial right, and the right to confront accusers, *McCarthy v. United States*, 394 U.S. 459, 466, [ ], (1969), they do not include 'a waiver of the privileges which exist beyond the confines of the trial.' *Mitchell v. United States*, 526 U.S. 314, 324, [ ], (1999)." *Class*, 138 S.Ct. 798 at 805.

[¶7] Class' argument on appeal was the statute under which he was convicted violated the Constitution. "Here, Class' statutory right directly to appeal his conviction 'cannot in any way be characterized as part of the trial.'" *Class*, 138 S.Ct. 798 at 805 (citing *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)). The Court noted Class' claims do not focus on case-related constitutional defects that "'occurred prior to the entry of the guilty plea.'" *Class*, 138 S.Ct. 798 at 804-805 (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974). "They could not, for example,

2

'have been "cured" through a new indictment by a properly selected grand jury.'" *Id.* (citing *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)). "Because the defendant has admitted the charges against him, a guilty plea makes the latter kind of constitutional claim 'irrelevant to the constitutional validity of the conviction.'" *Haring v. Prosise,* 462 U.S. 306, 321 (1983). "But the cases to which we have referred make clear that a defendant's guilty plea does not make irrelevant the kind of constitutional claim Class seeks to make." *Class*, 138 S.Ct. 798 at 805. Thus, an appeal with challenges which call into question the government's power to constitutionally prosecute an individual is not barred. *Id.* (citing *Broce*, 488 U.S. 563 at 575).

[¶8] Here, Legare's claim falls outside the *Menna-Blackledge* exception because his issue relates to a defense to a conviction and not whether the prosecution charged a crime that was not constitutionally supportable. Further, Legare's case is characterized as part of the trial. Legare wanted to bring a defense of justification or excuse *at trial*. Unlike *Class,* Legare's claim focused on a case-related ruling that occurred prior to the entry of the guilty plea. The claim revolves around the motion in limine, which occurred before the guilty plea. Unlike in *Class* where a cure was not possible, here, if the court erred, the problem could have been cured by testimony on the alleged abuse of John Doe to the alleged victim or by appealing if the testimony was not allowed at trial. Therefore, even assuming state courts are bound to follow the *Menna-Blackledge* doctrine, Legare's claim does not fit within the *Menna-Blackledge* exception.

B

[¶9] Generally, a guilty plea waives all non-jurisdictional claims and defenses. *State v. Blurton,* 2009 ND 144, ¶ 18, 770 N.W.2d 231. The right of appeal is preserved when the defendant enters a conditional plea under N.D.R.Crim.P. 11(a)(2). *See State v. Barnes,* 2015 ND 64, ¶¶ 7-8, 860 N.W.2d 466; N.D.R. Crim. P. 11(a)(2). N.D.R. Crim. P. 11(a)(2) states:

3

"(2) *Conditional Plea.* With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. The defendant, any defendant's attorney, and the prosecuting attorney must consent in writing to a conditional plea filed with the court. If the court accepts the conditional plea, it must enter an order. The resulting judgment must specify it is conditional. A defendant who prevails on appeal must be allowed to withdraw the plea."

[¶10] Legare's appeal does not involve a jurisdictional claim or defense and does not fall within the *Menna-Blackledge* exception. Therefore, his right to appeal is controlled by N.D.R.Crim.P. 11(a)(2). Legare entered an Alford plea and not a conditional plea or conditional Alford plea. An Alford plea does not preserve the issue for appeal. *See United States v. Rodriguez*, 77 F.3d 487 (8th Cir. 1996) (per curium) ("[B]y entering a valid *Alford*-type guilty plea, [the defendant] waived all issues preceding his plea except those relating to jurisdiction.") Since Legare did not preserve his right to appeal denial of his pretrial motion, we affirm the district court's criminal judgment.

III

[¶11]   Under N.D.R.Crim.P. 11(a)(2), Legare did not preserve his right to appeal the pretrial motion ruling. We affirm the district court's criminal judgment.

[¶12]   Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Jon J. Jensen
         Gerald W. VandeWalle, C.J.

4