2002 ND 171

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Raul Edward LEHER, Defendant and Appellee.**

No. 20020085.

Supreme Court of North Dakota.

Nov. 5, 2002.

Rehearing Denied Dec. 4, 2002.

Trent William Mahler, Assistant State's Attorney, Fargo, for plaintiff and appellant.

C. Charles Chinquist, Fargo, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] The State appealed from an order suppressing evidence in the prosecution of Raul E. Leher on a charge of violating N.D.C.C. § 39–08–01, for being in actual physical control of a vehicle while under the influence of intoxicating liquor. We hold that if Leher was parked on an elevated structure, within the meaning of N.D.C.C. § 39–10–49(13), then the arresting officer had reasonable and articulable suspicion of criminal activity when he ordered Leher to exit his vehicle and the officer did not, therefore, violate Leher's Fourth Amendment rights against unreasonable search and seizure. We reverse the order suppressing evidence and remand for further consideration of the motion by the trial court.

I

[¶ 2] At approximately 8:30 p.m., on December 20, 2001, Leher was driving his vehicle on Interstate 29 in Cass County when he began to feel nauseous. Leher drove his vehicle off the interstate and parked upon a highway ramp. He then

exited the vehicle, vomited in the ditch, and returned to the vehicle to rest. Approximately 15 minutes later Highway Patrol Officer Kevin Robson stopped his patrol car, exited it, and approached Leher's vehicle. As he approached, he ordered Leher to exit the vehicle. Based upon observations Officer Robson made after Leher exited the vehicle, Robson arrested Leher and charged him with being in actual physical control of a vehicle while under the influence of intoxicating liquor.

[¶ 3] Leher filed a motion to suppress evidence, asserting Officer Robson did not have a reasonable and articulable suspicion Leher was engaged in criminal conduct at the time the officer "directed [Leher] to provide information." The trial court found Robson did not have a reasonable and articulable suspicion Leher had violated the law when the officer directed Leher to exit his vehicle, and the court granted the motion to suppress evidence. The State appealed.

## II

[¶ 4] On appeal, the State asserts Leher's motion to suppress was too vague and general to provide adequate notice of the basis for his motion. The motion states:

> The Defendant moves the Court to suppress all evidence obtained by law enforcement after the detention and seizure of the Defendant on December 20, 2001 at approximately 8:30 p.m.
>
> The officer did not have a reasonable and articulable suspicion the Defendant was engaged in criminal conduct at the time he directed the Defendant to provide information. Accordingly, the detention and seizure of the Defendant violated the United States and North Dakota Constitutions.

Rule 47, N.D.R.Crim.P., states that a motion "shall be made in writing, state the grounds therefor, and set forth the relief or order sought" and the motion "may be supported by affidavit." The explanatory note to this rule states, in part:

> Rule 47 is an adaptation of Fed. R.Crim.P. 47; however, the language, with two exceptions, is that of the corresponding N.D.R.Civ.P. 7(b). The Rule is intended to state the general requirements for all motions. The two exceptions add flexibility to the criminal rule in two essential respects: (1) it does not require that the grounds for the motion be stated "with particularity", and (2) the use of affidavits in support of a motion is permissive.

[¶ 5] Motions to suppress evidence require neither exquisite particularity nor supporting affidavits or other evidence. *State v. Fitterer*, 2002 ND 170, ¶ 6. We conclude, as a matter of law, Leher's motion complies with the rule. Leher's motion states that when the arresting officer directed Leher to provide information, the officer did not have a reasonable and articulable suspicion Leher was engaged in criminal conduct, and, therefore, the officer's conduct in detaining and seizing Leher violated Leher's constitutional rights. While Leher's motion could have been more specific and artfully drafted, it adequately apprised the State of the basis for the relief requested. The State neither requested clarification of the motion nor a continuance to allow the State additional time for preparation. Under these circumstances, we conclude the State's issue is without merit.

## III

[¶ 6] On appeal, the State asserts the trial court erred in granting Leher's motion to suppress, because Officer Robson had a reasonable and articulable suspicion of criminal conduct when he ordered Leher to exit his vehicle and the officer's

directive did not, therefore, violate Leher's Fourth Amendment rights.

### A

[¶ 7] The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." A seizure occurs, and Fourth Amendment protection is afforded a citizen, only when an officer has restrained the citizen's liberty by means of physical force or show of authority. *Lapp v. Dept. of Transp.*, 2001 ND 140, ¶ 8, 632 N.W.2d 419. It is not a Fourth Amendment seizure for a police officer to approach and talk with a person in a public place, including a stopped vehicle. *Id.* When an officer approaches a parked vehicle to inquire in a conversational manner whether the occupant is okay or needs assistance, the officer is engaged in the role of a community caretaker, with actions separate from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute. *City of Fargo v. Sivertson*, 1997 ND 204, ¶ 9, 571 N.W.2d 137. If, however, an officer directs a citizen to exit a parked vehicle, or otherwise orders a citizen to do something, then the officer has arguably made a stop which, consistent with the Fourth Amendment rights of the citizen, requires the officer to have a reasonable and articulable suspicion that person has been or is violating the law. *City of Grand Forks v. Zejdlik*, 551 N.W.2d 772, 775 (N.D.1996).

[¶ 8] When reviewing a trial court's ruling on a motion to suppress, we affirm the decision of the trial court, after resolving conflicting evidence in favor of affirming the decision, unless we conclude there is insufficient evidence to support the decision or the decision goes against the manifest weight of the evidence. *City of Jamestown v. Jerome*, 2002 ND 34, ¶ 6, 639 N.W.2d 478. Questions of law are fully reviewable, and the ultimate conclusion of whether the facts support a reasonable and articulable suspicion is fully reviewable on appeal. *State v. Gregg*, 2000 ND 154, ¶ 20, 615 N.W.2d 515.

### B

[¶ 9] At the suppression hearing, Leher testified that after sitting in his parked car on the highway ramp for about 15 minutes, Officer Robson approached, "looked at me once and then asked me to get out of the car." Leher testified the officer did not say anything to him about whether he was feeling okay, but in a "very authoritative voice" ordered Leher to exit the vehicle. The officer then asked Leher to show him his license and later asked Leher to walk a straight line. The arresting officer did not testify at the hearing and the prosecutor did not introduce other evidence to dispute Leher's testimony.

[¶ 10] A law enforcement officer's approach to a parked vehicle is not a seizure if the officer inquires of the occupant in a conversational manner, does not order the person to do something, and does not demand a response. *State v. Langseth*, 492 N.W.2d 298, 300 (N.D.1992). However, even a casual encounter can become a seizure if the officer acts in a manner that a reasonable person would view as threatening or offensive if done by another private citizen through an order, a threat, or display of a weapon. *Id.* When an officer orders a driver to exit his vehicle, the encounter arguably has escalated at that time to a stop implicating the Fourth Amendment. *Zejdlik*, 551 N.W.2d at 775. Based upon Leher's undisputed testimony in this case, we conclude Officer Robson's order that Leher exit the vehicle

did not fall within an officer's community caretaking role, but rather constituted a stop implicating Fourth Amendment protections, because the officer's apparent objective in ordering Leher from the vehicle was to investigate the possibility of a law violation, and not to help a person in possible need of assistance. *See Jerome*, 2002 ND 34, ¶ 8, 639 N.W.2d 478. Consequently, for the stop to be constitutionally permissible, Officer Robson must have had a reasonable and articulable suspicion that a law had been or was being violated by Leher prior to Robson ordering Leher from the vehicle.

[¶ 11] The reasonable and articulable suspicion standard is an objective one and does not hinge upon the subjective beliefs of the arresting officer. *State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995). The determination of whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time and not on the officer's actual state of mind when the challenged action was taken. *Id.* An officer's subjective intent plays no role in ordinary probable cause Fourth Amendment analysis. *Sivertson*, 1997 ND 204, ¶ 15, 571 N.W.2d 137.

### C

[¶ 12] By his own testimony, Leher concedes his automobile was parked on the highway ramp when Officer Robson approached. Under N.D.C.C. § 39–10–49(13) it is unlawful to park a vehicle "[u]pon any bridge or other elevated structure upon a highway or within a highway tunnel." The State argued to the trial court that Robson had a reasonable and articulable suspicion Leher's vehicle was illegally parked in violation of this statute. The trial court responded: "I don't know if there was a reasonable and articulable sus-

picion 'cause I haven't heard any testimony by anybody except the Defendant." The court's response ignores Leher's testimony conceding that he was parked on the highway ramp. With that evidence, it was incumbent upon the trial court to decide whether the ramp upon which Leher was concededly parked constituted "an elevated structure upon a highway" within the meaning of N.D.C.C. § 39–10–49(13). If the court concludes that Leher was parked upon an elevated structure, Robson had an articulable and reasonable suspicion Leher had violated the law and Robson was justified in making an investigative stop. Traffic violations, even if considered common or minor, constitute prohibited conduct upon which a law enforcement officer can formulate an articulable and reasonable suspicion for conducting an investigatory stop. *State v. Stadsvold*, 456 N.W.2d 295, 296 (N.D.1990). After a lawful stop and a temporary detention, a traffic violator is subject to the arresting officer's authority and restraint, including the officer's authority to order the driver to exit his vehicle and to enter the patrol car. *State v. Mertz*, 362 N.W.2d 410, 412 (N.D.1985). If, however, the court concludes Leher was not parked upon an elevated structure within the meaning of the statute, the record does not establish that Robson had a legal basis to make an investigative stop.

### IV

[¶ 13] We conclude the trial court's findings are incomplete and do not support its conclusion Leher's Fourth Amendment rights against unconstitutional search and seizure were violated by Officer Robson. We therefore conclude the trial court must, upon the evidence presented, decide whether the ramp on the interstate highway is "an elevated structure upon a highway" within the meaning of N.D.C.C. § 39–10–49(13). If so, the officer had a

legal basis to make a stop and did not violate Leher's Fourth Amendment rights. Otherwise, Robson's order that Leher exit his vehicle was without legal basis and the notice to suppress should be granted. We reverse the trial court's order suppressing evidence and remand for further proceedings consistent with this opinion.

[¶ 14] SANDSTROM, NEUMANN, MARING, and KAPSNER, JJ., concur.