# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 229

State of North Dakota,                                        Plaintiff and Appellee

    v.

Charles Robert Werner,                                     Defendant and Appellant

## No. 20240084

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joshua E. Frey, Towner, ND, State's Attorney, for plaintiff and appellee.

Kyle R. Craig, Minot, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]  Charles Werner appeals from a district court judgment entered following his conditional guilty plea to the charge of DUI–.08% or greater–1st offense, a class B misdemeanor, in violation of N.D.C.C. § 39-08-01(1)(a). As provided by N.D.R.Crim.P. 11(a)(2), Werner reserved the right to appeal the court's order denying his motion to suppress evidence gathered subsequent to law enforcement stopping his vehicle, alleging an unlawful stop and custodial interrogation. We conclude the record provides sufficient evidence to support the determination law enforcement had reasonable and articulable suspicion to conduct a stop of Werner's vehicle, and the court's finding that Werner was not subject to an unlawful custodial interrogation was not clearly erroneous. We affirm.

I

[¶2]  In May 2023, the State charged Werner with simple assault, a class B misdemeanor, in violation of N.D.C.C. § 12.1-17-01(1)(a) and DUI–.08% or greater–1st offense, a class B misdemeanor, in violation of N.D.C.C. § 39-08-01(1)(a). Werner filed a motion to suppress evidence, asserting law enforcement did not have reasonable articulable suspicion to stop his vehicle, and the subsequent interview by law enforcement was an improper custodial interview. At the subsequent evidentiary hearing, the arresting officer testified, and the district court received bodycam footage taken at the time of the stop.

[¶3]  The district court denied Werner's motion. Werner thereafter entered a conditional plea of guilty to the DUI charge, reserving his ability to appeal the denial of his motion. The State dismissed the charge of simple assault. The court entered a judgment on the charge of DUI–.08% or greater–1st offense, a class B misdemeanor, in violation of N.D.C.C. § 39-08-01(1)(a). The judgment was amended to note the conditional nature of the plea entered pursuant to N.D.R.Crim.P. 11(a)(2).

## II

[¶4]   Our standard of review is well established for reviewing a district court's decision on a motion to suppress:

> [W]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We will affirm a district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*State v. Casatelli*, 2021 ND 11, ¶ 8, 953 N.W.2d 656 (quoting *City of Bismarck v. Vagts*, 2019 ND 224, ¶ 4, 932 N.W.2d 523). Werner challenges the court's determination that law enforcement had reasonable and articulable suspicion to stop his vehicle, and the finding he was not subject to an improper custodial interrogation.

## III

[¶5]   Werner asserts law enforcement lacked reasonable articulable suspicion to conduct a stop of his vehicle. He argues the record contains insufficient facts to support the district court's determination that officers had the requisite suspicion based on their belief that an assault, criminal trespass, or burglary occurred.

[¶6]   Investigative stops of a vehicle and its occupants for suspected violations of law will be upheld if officers have at least a reasonable suspicion that the motorist has violated the law. *State v. Willard*, 2022 ND 34, ¶ 7, 970 N.W.2d 197. The suspected violation of law need not be related to the current operation of a motor vehicle. *See, e.g., United States v. Juvenile TK*, 134 F.3d 899, 904 (8th Cir. 1998) (investigative stop upheld because reasonable suspicion exists when an officer received two dispatches forty minutes apart in the very early morning hours, identifying a male with a gun in a gray vehicle engaging in criminal activity, the officer spotted and stopped a gray vehicle within two blocks of the

scene of the robbery within five minutes of the second dispatch); *United States v. Jackson*, 652 F.2d 244, 248–49 (2d Cir. 1981) (investigative stop upheld because reasonable suspicion exists when officer stopped a vehicle after observing the driver's age, race, hairstyle, and coat color matched the suspect's description; the vehicle was coming from the direction the suspect had fled on foot five minutes before; and the driver was acting suspiciously); *State v. Glass*, 192 P.3d 651, 654–56 (Kan. Ct. App. 2008) (investigative stop upheld because reasonable suspicion for stop of a vehicle exists when the vehicle was a few blocks from the location of the robbery within one minute of the dispatch call to the officer; the vehicle was the only traffic in the area; officer observed two black men in the vehicle matching the description of the suspects' number, race, and sex; and one of the individuals in the vehicle was wearing dark clothing which was consistent with the description of the suspects' clothing).

[¶7]   The district court found that law enforcement was initially responding to a domestic altercation between Werner and the victim, that Werner was not present at the scene when officers first arrived, and that Werner had been identified as a suspect in the domestic altercation. The court found that the victim had reported being pushed and yelled at by Werner during the altercation and the victim told officers Werner had been drinking alcohol. The court also found that after arriving at the scene, officers observed a vehicle approaching that matched the description they had been given of Werner's vehicle, the vehicle was identified by the victim as Werner's, and Werner was identified by the victim as the driver. The court noted that it was unclear whether Werner voluntarily stopped at the scene or if his vehicle was stopped by law enforcement, but did find that law enforcement approached Werner based on the domestic violence call and the court's order applied an analysis as if Werner's vehicle had been stopped by the officers. The court found that once Werner's vehicle was stopped and approached by the officers, the officers noted the smell of alcohol and Werner was asked to step out of his vehicle.

[¶8]   "Reasonable suspicion for a stop exists when a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential unlawful activity." *State v. Westmiller*, 2007 ND 52, ¶ 10, 730 N.W.2d 134. The reasonable suspicion standard is objective and does not hinge upon the

subjective beliefs or motivations of the arresting officer. *City of West Fargo v. Medbery*, 2021 ND 81, ¶ 10, 959 N.W.2d 568 ("The reasonable and articulable suspicion standard is an objective one and does not hinge upon the subjective beliefs of the arresting officer." (quoting *State v. Leher*, 2002 ND 171, ¶ 11, 653 N.W.2d 56)); *State v. Sargent*, 2024 ND 121, ¶ 10, 8 N.W.3d 278 ("[T]he reasonableness of a stop does not depend on the officer's motivations."). In order to determine whether an investigative stop is valid, we consider the totality of the circumstances and examine the information known to the officer at the time of the stop. *State v. Ashby*, 2017 ND 74, ¶ 9, 892 N.W.2d 185. "Once a vehicle has been validly stopped and its occupants lawfully detained, law enforcement officers may constitutionally order the driver and passengers out of the vehicle, even in situations not amounting to arrest." *State v. Washington*, 2007 ND 138, ¶ 15, 737 N.W.2d 382.

[¶9] Whether the factual findings of the district court meet the required legal standard is fully reviewable on appeal and a question of law. We conclude the factual findings that Werner was identified as an individual who had immediately prior to the stop engaged in domestic violence, that the vehicle driven by Werner was consistent with the description provided to the officers, that as his vehicle approached the scene the vehicle was identified as Werner's by the victim, that Werner was identified by the victim and the victim's boyfriend as the driver of the vehicle, and the report that Werner had been drinking alcohol, when considered together, would have allowed a reasonable person in the officer's position to be justified in suspecting Werner had engaged in potential unlawful activity and provided a lawful reason for the stop. We affirm the court's determination that the officers had reasonable suspicion Werner had violated the law when his vehicle was stopped.

IV

[¶10] Werner asserts the questioning by officers after the stop was a custodial interrogation which required the administration of *Miranda*.

[¶11] Before reviewing the district court's finding, we must reconcile the following language in the court's order with regard to whether or not Werner

4

was subject to an improper custodial interrogation when questioned by the officers: "*This was a temporary detention, not a custodial interrogation*, up to the point Mr. Werner was read his Miranda warning. Mr. Werner *was not arrested and was only being temporarily detained via a custodial interrogation* resulting initially from an investigation of a suspected physical assault." (Emphasis added.)

[¶12] In isolation, the reference to Werner being questioned "via a custodial interrogation" could be interpreted as inconsistent with a controlling finding that Werner was not subject to an unlawful custodial interrogation. We have previously recognized that we "review the record and findings as a whole and if the controlling findings are supported by the evidence, they will be upheld on appeal notwithstanding immaterial misstatements in the lower court's decision." *Kubik v. Hauck*, 2022 ND 217, ¶ 10, 982 N.W.2d 599 (quoting *Gimbel v. Magrum*, 2020 ND 181, ¶ 13, 947 N.W.2d 891). After reviewing the record and the district court's findings, we conclude it is clear the court's controlling finding was that Werner was not in custody when questioned by the officers.

[¶13] We have described our review of a district court's finding on whether an individual was in custody at the time of questioning as follows:

> A district court's conclusions concerning custody are reviewed under the "clearly erroneous" standard and the circuit court "must affirm unless the decision of the district court is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or in light of the entire record we are left with a firm and definite conviction that a mistake has been made."

*State v. Gasal*, 2015 ND 43, ¶ 17, 859 N.W.2d 914 (quoting *United States v. Griffin*, 922 F.2d 1343, 1347–48 (8th Cir. 1990)). We have also noted the following:

> An officer is required to administer the *Miranda* warning when a person is subject to custodial interrogation. A suspect is in custody when there is a formal arrest or restraint on the suspect's freedom of movement to the degree associated with a formal arrest. When determining if a person is subject to custodial interrogation the court examines all circumstances surrounding the interrogation and considers what a reasonable man in the suspect's position would

5

have understood his situation. Whether a suspect is in custody and entitled to a *Miranda* warning is a mixed question of law and fact and, therefore, is fully reviewable on appeal.

*State v. Genre*, 2006 ND 77, ¶ 23, 712 N.W.2d 624 (cleaned up). "[A] driver should reasonably expect to answer common sense investigatory questions; questioning . . . does not become a custodial interrogation simply because the officer asks a question that may establish an element of a crime." *Id.* at ¶ 26.

[¶14] In finding that Werner was not subject to an improper custodial interrogation, the district court noted the following:

> Werner was told he was not under arrest. He was not placed in restraints and was sitting on a public sidewalk for much of the encounter. Mr. Werner was not transferred to a different location, was not isolated, and the entire investigative stop was of a fairly short duration with only two police officers present.

After reviewing the record on appeal, the court's finding that Werner was not subject to an unlawful custodial interrogation is supported by substantial evidence, was not based on an erroneous interpretation of applicable law, and we are not left with a firm and definite conviction that a mistake has been made. We conclude the finding was not clearly erroneous.

V

[¶15] Law enforcement had reasonable suspicion to stop Werner's vehicle, and the subsequent questioning was not an unlawful custodial interrogation. We affirm the district court's judgment.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

6