# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 73

State of North Dakota,

Plaintiff and Appellee

v.

Said Abdulkadir Ali,

Defendant and Appellant

## No. 20240281

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Theodore T. Sandberg, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Lindsey Trotter (argued), under the Rule on Limited Practice of Law by Law Students, and Carmell F. Mattison (appeared), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Tyler J. Morrow, Grand Forks, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Said Ali appeals from a criminal judgment entered upon guilty pleas to eight counts of possession of certain materials prohibited. On appeal, Ali argues the district court abused its discretion in denying his motion in limine to exclude video evidence because the evidence was inadmissible under N.D.R.Ev. 401 and 403. We affirm, concluding Ali failed to preserve the issue because the record does not reflect his guilty pleas were conditional.

I

[¶2]   In April 2023, the State charged Ali with eight counts of possession of certain materials prohibited, a class C felony, alleging Ali knowingly possessed videos containing sexual conduct by a minor. The district court scheduled trial for May 2024. Before trial, Ali filed a motion in limine seeking to exclude the videos and witness testimony of the videos. After a hearing, the court denied the motion.

[¶3]   Later, Ali, his attorney, and the State signed a "Stipulation for Entry of Conditional Guilty Pleas" in which Ali would plead guilty to the charges while reserving the right to appeal the district court's ruling on the motion in limine. The district court held a hearing in October 2024 and entered a criminal judgment. The criminal judgment indicates Ali pled guilty to all eight counts.

II

[¶4]   Ali entered guilty pleas to the possession of certain materials prohibited charges. He claims his pleas were conditioned on the right to appeal the district court's ruling on the motion in limine.

[¶5]   "Rule 11(a)(2), N.D.R.Crim.P., 'permits a defendant to enter a conditional guilty plea, reserving in writing the right to appeal an adverse determination of specified pretrial motions.'" *State v. Abuhamda*, 2019 ND 44, ¶ 9, 923 N.W.2d 498 (quoting *State v. Trevino*, 2011 ND 232, ¶ 7, 807 N.W.2d 211). Rule 11(a)(2) reads:

Conditional Plea. *With the consent of the court* and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. The defendant, any defendant's attorney, and the prosecuting attorney must consent in writing to a conditional plea filed with the court. *If the court accepts the conditional plea, it must enter an order. The resulting judgment must specify it is conditional.* A defendant who prevails on appeal must be allowed to withdraw the plea.

(Emphasis added). "[A]lthough N.D.R.Crim.P. 11 does not require ritualistic compliance, a court must substantially comply with the rule's procedural requirements 'to ensure a defendant is entering a voluntary and intelligent guilty plea.'" *Abuhamda*, ¶ 10 (quoting *Trevino*, ¶ 8).

[¶6] In *Trevino*, despite the absence of any reference to the plea being conditional in the criminal judgment, we held a defendant entered a conditional guilty plea when (1) the transcript reflected "both the State and the court consented to entry of the defendant's conditional guilty plea," and (2) the State on appeal did not argue the "guilty plea was not conditional" or that it "did not consent to the conditional plea." 2011 ND 232, ¶ 14. However, in *Abuhamda*, we declined to extend our holding in *Trevino* when there was "nothing in the record aside from mere hints" reflecting a conditional plea. 2019 ND 44, ¶ 11. Although the State in *Abuhamda* did not argue the plea was not conditional, we explained that it is difficult to discern whether a conditional plea was entered when the deferred imposition of sentence did not state the plea was conditional; there was no separate writing complying with N.D.R.Crim.P. 11(a)(2); and the defendant failed to provide a transcript of the change of plea hearing. *Id*.

[¶7] Here, the judgment does not show Ali's pleas were conditional. *See* N.D.R.Crim.P. 11(a)(2) ("The resulting judgment must specify it is conditional."); *State v. McCleary*, 2025 ND 24, ¶ 25, 16 N.W.3d 445 ("While the judgment does not use the word 'conditional,' it is clear on the face of the judgment McCleary's guilty pleas were entered subject to his right to appeal."). Nor did Ali provide a transcript of the change of plea hearing for this Court's review. *See Field v. Field*, 2024 ND 84, ¶ 10, 6 N.W.3d 595 ("An appellant assumes the risks and

consequences of failing to file a transcript."); *State v. Glaum*, 2024 ND 47, ¶ 32, 4 N.W.3d 540 ("If an appellant fails to provide a transcript he assumes the risks and consequences of such failure."). Thus, unlike in *Trevino*, we have no transcript showing Ali's guilty pleas were conditional and that the district court consented to the entry of conditional guilty pleas. Although the "Stipulation for Entry of Conditional Guilty Pleas" indicates Ali planned to enter conditional guilty pleas, nothing in the record shows that he entered conditional guilty pleas and that the court accepted conditional guilty pleas. We are unable to discern from the record that Ali entered and the court accepted conditional guilty pleas. "Again, we emphasize the importance of compliance with Rule 11(a)(2) to protect against disputes regarding conditional pleas." *Abuhamda*, 2019 ND 44, ¶ 11.

III

[¶8] Because Ali has not shown he entered conditional guilty pleas as to the eight counts of possession of certain materials prohibited, the underlying issue was not preserved for our review and we affirm the criminal judgment.

[¶9]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr