# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 234

State of North Dakota,

Plaintiff and Appellee

v.

Antonio Eugenio Medina,

Defendant and Appellant

## No. 20250178

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Kristi P. Venhuizen, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Crothers, Justice.

Madison Schoenberg (argued), under the Rule on Limited Practice of Law by Law Students, and Christopher L. Skjerven (appeared), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, for defendant and appellant.

**State v. Medina**
**No. 20250178**

**Crothers, Justice.**

[¶1]   Antonio Eugenio Medina appeals from a criminal judgment, claiming his plea was conditional and he reserved the right to appeal a district court order denying his motion to suppress evidence. The parties appear to agree Medina entered a conditional plea but the judgment does not reflect the plea was conditional. *See* N.D.R.Crim.P. 11(a)(2) ("The resulting judgment must specify it is conditional."). We remand the criminal judgment with instructions for the district court to clarify whether it accepted a conditional plea and, if so, to enter an order and judgment consistent with the requirements of N.D.R.Crim.P. 11(a)(2). We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

I

[¶2]   "Rule 11(a)(2), N.D.R.Crim.P., [] permits a defendant to enter a conditional guilty plea, reserving in writing the right to appeal an adverse determination of specified pretrial motions, including motions in limine." *State v. Trevino*, 2011 ND 232, ¶ 7, 807 N.W.2d 211. Rule 11(a)(2), N.D.R.Crim.P., provides:

> With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. The defendant, any defendant's attorney, and the prosecuting attorney must consent in writing to a conditional plea filed with the court. If the court accepts the conditional plea, it must enter an order. *The resulting judgment must specify it is conditional.* A defendant who prevails on appeal must be allowed to withdraw the plea.

(Emphasis added.) "Paragraph (a)(2) was amended, effective March 1, 2017, to clarify the procedure for entering a conditional plea of guilty." N.D.R.Crim.P. 11, Explanatory Note. "We have said that N.D.R.Crim.P. 11 does not require ritualistic compliance; however, a court must substantially comply with the rule's procedural requirements to ensure a defendant is entering a voluntary and intelligent guilty plea." *Trevino*, 2011 ND 232, ¶ 8 (relying on N.D.R.Crim.P. 52(a)

1

("Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded.")) (cleaned up).

[¶3]   Here, the plea hearing transcript shows Medina, his attorney, the State, and the district court understood Medina was entering a conditional plea:

> So, Mr. Bickel, how are we proceeding with these two files?
> MR. BICKEL: Thank you, Your Honor. We were wondering or— were going to ask the State for a conditional plea on the—it was the 2117, I believe. I might have that backwards. And then.
> THE COURT: In 2023-CR-2322? The one with the motion hearing?
> MR. BICKEL: Yep.
> THE COURT: Okay.
> MR. BICKEL: And then for the 2024-CR-2049, we'll set that one on for trial.
> THE COURT: Okay. So 18-2024-CR-2049 we will set on for trial. We will have our status conference on February 10th at 9:00 a.m.
> As far as a conditional plea is that something that's been addressed with the State yet?
> MR. EYRE: Your Honor, it's the first time I'm hearing that but if I could just have one moment to confer with Mr. Bickel.
> THE COURT: Okay.
> (Counsel conferring.)
> MR. EYRE: We're fine with that, Your Honor.
> THE COURT: All right. I'm assuming the conditional plea is he'll plead guilty pursuant to an offer the State has made with the ability to appeal the Court's decision on the motion to suppress?
> MR. BICKEL: Yes, Your Honor.
> THE COURT: All right. And, again, that that's the State's understanding as well?
> MR. EYRE: Yes, Your Honor. Thank you.

After reviewing the plea offer, Medina pleaded guilty. The court questioned the knowing, voluntary nature of his plea:

> THE COURT: And do you understand that by pleading guilty you're giving up to [sic] right to a trial, your right to confront witnesses, your right to remain silent, and your right to have the State prove the charge beyond a reasonable doubt.
> THE DEFENDANT: Yes.

2

THE COURT: Obviously, the please [sic] is also subject to that right appeal the motion to suppress order.
Can I get a factual basis, please?

[¶4]   Based on this transcript, both the State and the district court appear to have consented to entry of Medina's conditional guilty plea. The State on appeal has neither argued that Medina's guilty plea was not conditional nor that the State did not consent to the conditional plea. "Although we hold the transcript in this case is sufficient to comply with N.D.R.Crim.P. 11(a)(2), we again reiterate that the best practice is to comply with the rule's specific writing requirements." *Trevino*, 2011 ND 232, ¶ 14. Under *Trevino*, the transcript satisfies the provision— "[t]he defendant, any defendant's attorney, and the prosecuting attorney must consent in writing to a conditional plea filed with the court"—and ensures Medina's plea was knowing and voluntary. N.D.R.Crim.P. 11(a)(2).

[¶5]   However, N.D.R.Crim.P. 11 was amended after *Trevino* "to clarify the procedure for entering a conditional plea of guilty." N.D.R.Crim.P. 11, Explanatory Note. In March 2017, the following language was added to the Rule: "The defendant, any defendant's attorney, and the prosecuting attorney *must* consent in writing to a conditional plea filed with the court. If the court accepts the conditional plea, it *must* enter an order. The resulting judgment *must* specify it is conditional." N.D.R.Crim.P. 11(a)(2) (emphasis added). By its plain terms, Rule 11 requires: (1) the defendant, any defendant's attorney and the prosecuting attorney consent in writing to the conditional plea; (2) the court accept the conditional plea and enter an order; and, (3) the judgment specify the plea is conditional. We emphasize the importance of compliance with Rule 11(a)(2) to protect against disputes regarding conditional pleas. *See State v. Ali*, 2025 ND 73, ¶ 7, 19 N.W.3d 801 ("Again, we emphasize the importance of compliance with Rule 11(a)(2) to protect against disputes regarding conditional pleas.") (cleaned up); *State v. Abuhamda*, 2019 ND 44, ¶ 11, 923 N.W.2d 498 (same); *Trevino*, 2011 ND 232, ¶ 14 ("we again reiterate that the best practice is to comply with the rule's specific writing requirements").

[¶6]   Here, no order exists and the judgment does not specify Medina's guilty plea was conditional as required under N.D.R.Crim.P. 11(a)(2). *See*

N.D.R.Crim.P. 11(a)(2) ("The resulting judgment must specify it is conditional."); *compare Ali*, 2025 ND 73, ¶ 7 ("the judgment does not show Ali's pleas were conditional"); *and Abuhamda*, 2019 ND 44, ¶ 11 ("the order deferring imposition of sentence does not state Abuhamda's plea was conditional, nor is there a separate writing showing compliance with N.D.R.Crim.P. 11(a)(2) and specifying issues reserved for appeal" and "there is nothing in the record aside from mere hints in the judgment which actually reflects a conditional plea"); *with State v. McCleary*, 2025 ND 24, ¶ 25, 16 N.W.3d 445 ("While the judgment does not use the word 'conditional,' it is clear on the face of the judgment McCleary's guilty pleas were entered subject to his right to appeal."). "Under N.D.R.Crim.P. 32(b), a judgment must include the plea, the verdict, and the sentence imposed." *State v. Welch*, 2019 ND 179, ¶ 7, 930 N.W.2d 615 (cleaned up).

[¶7] If the district court intended to accept Medina's conditional plea, its "failure to record accurately a statement made or action taken by the court or one of the parties" can be considered a "clerical error." N.D.R.Crim.P. 36, Explanatory Note. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." N.D.R.Crim.P. 36. "[O]nly the sentencing court may correct clerical error." N.D.R.Crim.P. 36, Explanatory Note.

[¶8] We remand the case to the district court for no more than 30 days to clarify whether it accepted a conditional plea and, if so, to enter an order and to correct the criminal judgment to accurately reflect the proceedings. *See, e.g., State v. Werner*, 2024 ND 229, ¶ 3, 15 N.W.3d 6 ("The judgment was amended to note the conditional nature of the plea entered pursuant to N.D.R.Crim.P. 11(a)(2)."). We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

II

[¶9] We retain jurisdiction and remand this case for proceedings consistent with this decision.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers

4

Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr