# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 9

State of North Dakota,                                          Plaintiff and Appellee

v.

Jose Vasquez,                                          Defendant and Appellant

## No. 20250314

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Bahr, Justice.

Todd A. Schwarz, State's Attorney, Stanton, ND, for plaintiff and appellee; submitted on brief.

Jose F. Vasquez, self-represented, Hazen, ND, defendant and appellant; submitted on brief.

**Bahr, Justice.**

[¶1]   Jose Francesco Vasquez appeals from a criminal judgment, claiming his plea was conditional and he reserved the right to appeal the district court's order denying his motion to dismiss or suppress evidence. The parties appear to agree Vasquez entered a conditional plea, but the judgment does not reflect the plea was conditional. *See* N.D.R.Crim.P. 11(a)(2) ("The resulting judgment must specify it is conditional."). We remand with instructions for the district court to clarify whether it accepted a conditional plea and, if so, to enter an order and judgment consistent with the requirements of N.D.R.Crim.P. 11(a)(2). We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

I

[¶2]   Rule 11(a)(2), N.D.R.Crim.P., permits a defendant to "enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Under N.D.R.Crim.P. 11(a)(2), if the court accepts a conditional plea, it must enter an order and the resulting judgment must specify it is conditional.

[¶3]   Here, the State, Vasquez, and the district court signed a notice of conditional plea, indicating the parties and the court understood Vasquez was entering a conditional plea. However, the court did not enter an order and the judgment does not use the word "conditional" or otherwise indicate Vasquez's plea was entered subject to his right to appeal.

[¶4]   We recently held in *State v. Medina*, "By its plain terms, Rule 11 requires: (1) the defendant, any defendant's attorney and the prosecuting attorney consent in writing to the conditional plea; (2) the court accept the conditional plea and enter an order; and, (3) the judgment specify the plea is conditional." 2025 ND 234, ¶ 5. "We emphasize the importance of compliance with Rule 11(a)(2) to protect against disputes regarding conditional pleas." *Id.* In *Medina*, although "the plea hearing transcript show[ed] Medina, his attorney, the State, and the district court understood Medina was entering a conditional plea[,]" "no order

1

exist[ed] and the judgment [did] not specify Medina's guilty plea was conditional as required under N.D.R.Crim.P. 11(a)(2)." *Id.* ¶¶ 3, 6. We remanded the case to the district court "to clarify whether it accepted a conditional plea and, if so, to enter an order and to correct the criminal judgment to accurately reflect the proceedings." *Id.* ¶ 8.

[¶5]   Consistent with *Medina*, we remand the case to the district court for no more than 30 days to clarify whether it accepted a conditional plea and, if so, to enter an order and to correct the criminal judgment to accurately reflect the proceedings. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

II

[¶6]   We retain jurisdiction and remand this case for proceedings consistent with this decision.

[¶7]   Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr

2