# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 62

State of North Dakota,                    Plaintiff and Appellee

    v.

Richard Edwin Romanyshyn,             Defendant and Appellant

### No. 20250295

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

REMAND WITH INSTRUCTIONS.

Opinion of the Court by Bahr, Justice.

Stephanie L. Pretzer, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; on brief.

**Bahr, Justice.**

[¶1]   Richard Romanyshyn appeals from a criminal judgment, asserting his plea was conditional and he reserved the right to appeal the district court's order denying his motion to dismiss. The parties appear to agree Romanyshyn entered a conditional plea, but the judgment does not state the plea was conditional. *See* N.D.R.Crim.P. 11(a)(2) ("The resulting judgment must specify it is conditional."). We remand with instructions for the district court to enter a judgment consistent with the requirements of N.D.R.Crim.P. 11(a)(2). We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

I

[¶2]   Rule 11(a)(2), N.D.R.Crim.P., permits a defendant to "enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Under N.D.R.Crim.P. 11(a)(2), if the court accepts a conditional plea, it must enter an order and the resulting judgment must specify it is conditional.

[¶3]   Romanyshyn, his counsel, and the State signed a consent for conditional plea indicating Romanyshyn was reserving his right to appeal the district court's order denying his motion to dismiss. Romanyshyn, his counsel, and the State also signed a conditional plea of guilty. The conditional plea of guilty reserved Romanyshyn's right to appeal the court's order denying his motion to dismiss. The court entered an order accepting the conditional plea of guilty. However, the court's judgment does not use the word "conditional." The judgment does state, "The payment of the fine shall be deferred until a ruling from the North Dakota Supreme Court on appeal." This language indicates the court understood Romanyshyn would be filing an appeal.

[¶4]   In *State v. Vasquez*, we reiterated:

> By its plain terms, Rule 11 requires: (1) the defendant, any defendant's attorney and the prosecuting attorney consent in

1

writing to the conditional plea; (2) the court accept the conditional plea and enter an order; and, (3) the judgment specify the plea is conditional. We emphasize the importance of compliance with Rule 11(a)(2) to protect against disputes regarding conditional pleas.

2026 ND 9, ¶ 4 (cleaned up); *see also State v. Medina*, 2025 ND 234, ¶ 8, 29 N.W.3d 868 (remanding to the district court "to clarify whether it accepted a conditional plea and, if so, to enter an order and to correct the criminal judgment to accurately reflect the proceedings").

[¶5] The requirements of N.D.R.Crim.P. 11(a)(2) are unambiguous and mandatory. However, we have stated Rule 11 does not require ritualistic compliance. *Medina*, 2025 ND 234, ¶ 2. Rather, "a court must substantially comply with the rule's procedural requirements to ensure a defendant is entering a voluntary and intelligent guilty plea." *Id.* (quoting *State v. Trevino*, 2011 ND 232, ¶ 8, 807 N.W.2d 211).

[¶6] Here, Romanyshyn, his counsel, and the State consented in writing to the conditional plea by signing the consent for conditional plea and the conditional plea of guilty. The district court's order accepting the conditional plea complied with the requirement the court enter an order accepting the conditional plea. However, the judgment did not specify the plea is conditional. The statement Romanyshyn's fine will be deferred until a ruling on appeal does not state or plainly indicate the plea is conditional. Because the meaning and intent of that language is disputable, the judgment does not substantially comply with N.D.R.Crim.P. 11(a)(2). Although the word "conditional" may not be required, to substantially comply with Rule 11(a)(2) a reader, such as a reviewing court, must be able to determine from the face of the judgment that the plea was conditional. The judgment does not meet that standard.

[¶7] Consistent with *Vasquez* and *Medina*, we remand the case to the district court for no more than 30 days to correct the criminal judgment to accurately reflect Romanyshyn's plea was entered subject to his right to appeal. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

## II

[¶8]   We retain jurisdiction and remand this case for proceedings consistent with this opinion.

[¶9]   Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr